IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. AMBLER,

        Plaintiff,

    v.

JENNEIL PARKS, et al.,

        Defendants.

No. CIV S-08-0884 RRB DAD PS

ORDER

_____/

        This matter came before the court on June 27, 2008 for hearing of three motions to dismiss filed by fifteen defendants. Plaintiff Michael D. Ambler appeared in propria persona. Daniel B. Alweiss, Deputy State Attorney General, appeared as counsel for defendants Mize, Candee, Brown, Krabbenhoft, and Krause. Laura Jean Marabito, Esq. appeared as counsel for defendants Jenneil Parks, Carl Simpson, County of Sacramento, County of Sacramento Planning & Community Development Code Enforcement Division, Laura O'Brien, Karyl Marsh, George Acero, Jan Scully, Roger Dickinson, and John McGinness.

        When plaintiff submitted his complaint for filing in this court, the Clerk of the Court assigned a case number and assigned the newly opened case to a district judge and a magistrate judge, as required by this court's automated case assignment plan. See Appendix A(e)(1)-(6), Local Rules of Court for the Eastern District of California (amended Dec. 1, 2007)

1

("Local Rules"). Because plaintiff is proceeding without an attorney, the Clerk of the Court indicated that fact on the court's docket. Under Local Rule 72-302(c)(21), the assigned magistrate judge is required to perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), and (b)(3) in a civil case in which all plaintiffs or all defendants are proceeding pro se, "including dispositive motions and matters." The referral of duties to the assigned magistrate judge in the matters listed in Local Rule 72-302(c) is automatic pursuant to the rule, and no order is required.[1] See 28 U.S.C. § 631(a) (2008) (providing that the judges of the United States district courts "shall appoint United States magistrate judges" in the numbers and within the judicial districts determined by the Judicial Conference); 28 U.S.C. § 632 (2008) (United States magistrate judges are judicial officers); 28 U.S.C. § 636(b)(4) (2008) (requiring each district court to establish rules pursuant to which magistrate judges shall discharge their duties).

As the magistrate judge assigned to this case, the undersigned must address all pretrial matters in this case, including dispositive motions such as the motions to dismiss filed by defendants. The undersigned will hear argument on all motions properly noticed for hearing in accordance with Local Rule 78-230, will address all motions, requests, and inquiries not noticed for hearing, and will conduct a status conference for scheduling purposes at the appropriate stage of the litigation. Motions and requests will be resolved by order of the undersigned when the motion or request is not dispositive in nature.[2] Motions and requests that are dispositive in nature will be addressed in findings and recommendations.[3] The assigned district judge will
/////

---

[1] A district judge may retain any matter otherwise routinely referred to a magistrate judge by Rule 72-302. "Applications for retention of such matters, however, are looked upon with disfavor and granted only in unusual and compelling circumstances." Local Rule 72-302(d).

[2] A party may request reconsideration of a magistrate judge's order. Local Rule 72-303 sets forth the requirements applicable to such requests. The district judge may deny an untimely request for reconsideration or a request that is not properly captioned.

[3] Local Rule 72-304 addresses the filing of objections to findings and recommendations.

make the final ruling on a dispositive motion or request, and trial will be before the assigned district judge.

Plaintiff was permitted to state his objection to proceeding before a magistrate judge, and his objection was duly noted on the record. On the court's assurance that filing opposition to defendants' motions will not be deemed a consent to proceed before a magistrate judge, plaintiff requested an extension of time to file opposition to the pending motions. Hearing of the motions was continued, as set forth below.

After the hearing on June 27, 2008, the undersigned was informed that plaintiff had filed two motions on June 26, 2008, both docketed on June 27, 2008. Although the motions are addressed to the assigned district judge, they concern pretrial matters that must be addressed by the undersigned pursuant to Local Rule 72-302(c)(21). First, plaintiff's motion to strike every document filed by defendants, including their motions and supporting documents, notice of related cases, designation of counsel, and withdrawal of a motion, as well as the court's order reassigning this case to Judge Beistline, will be denied because the motion is grounded on plaintiff's misunderstanding of the rules cited and on mistakes of fact.[4] Plaintiff's motion to vacate erroneous referral to magistrate judge will be denied for the reasons set forth above and discussed in open court.

IT IS HEREBY ORDERED that:

1. The hearing of defendants' pending motions to dismiss is continued to **August 15, 2008, at 10:00 a.m.** in Courtroom 27 before the undersigned, except that if that date becomes

---

[4] Plaintiff is informed that contacting court staff to obtain available law and motion dates for the purpose of noticing a motion for hearing, as required by Local Rule 78-230, does not involve contact with a judge and does not constitute an improper ex parte communication with the court. The undersigned has had no ex parte communication with any party or attorney in this case, although plaintiff attempted to initiate such communication. Plaintiff is also informed that attorneys are required to serve documents on other attorneys electronically, except as specified in Local Rule 5-135, and such service occurs instantly and automatically when an attorney files a document electronically. All of plaintiff's allegations of misconduct by defendants' attorneys and the court are similarly flawed.

unavailable, the motions will be heard on August 14, 2008, at 10:00 a.m. pursuant to a minute order so advising all parties.

      2. Plaintiff's opposition or statement of non-opposition to defendants' motions to dismiss shall be filed within two weeks after June 27, 2008. Plaintiff shall serve one copy of his opposition on each attorney who has appeared in the action; service shall be by mail, and a proof of such service shall be filed along with plaintiff's opposition.

      3. Defendants' replies to plaintiff's opposition shall be filed and served within ten days after plaintiff's opposition is filed with the court.

      4. Plaintiff's June 26, 2008 motion to strike documents is denied; and

      5. Plaintiff's June 26, 2008 motion to vacate referral to magistrate judge is denied.

DATED: June 30, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\ambler0884.oah.cont