1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL D. AMBLER,
                                          No. CIV S-08-0884 RRB DAD PS
11              Plaintiff,

12       v.

13   JENNEIL PARKS, et al.,               ORDER AND

14              Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16              In these findings and recommendations, the undersigned addresses four

17   unopposed motions to dismiss plaintiff's complaint as well as a motion for preliminary injunctive

18   relief referred to the undersigned for preparation of findings and recommendations after the

19   then-assigned district judge determined that plaintiff failed to set forth any immediate injury that

20   would warrant a temporary restraining order.[1]

21   _____

22        [1] A district judge may designate a magistrate judge to hear and decide any pretrial matter
     except for those matters listed in 28 U.S.C. § 636(b)(1)(A).  With regard to the excepted matters,
23   a district judge may designate a magistrate judge to conduct hearings and submit findings and
     recommendations for the district judge's consideration.  28 U.S.C. § 636(b)(1)(B).  In the
24   Sacramento Division of the United States District Court for the Eastern District of California, the
     assigned magistrate judge is designated by rule to perform all duties permitted by § 636(b)(1) in a
25   case in which all plaintiffs or all defendants are proceeding in propria persona.  Local Rule 72-
     302(c)(21).  Plaintiff Ambler, the sole plaintiff in this case, is proceeding in propria persona.
26   Pursuant to Local Rule 72-302(c)(21), the undersigned is required to hear all of plaintiff's and
     defendants' motions and issue either an order or findings and recommendations, as appropriate.

1  Upon consideration of all written materials filed in connection with plaintiff's and

2  defendants' motions, as well as the entire file, the undersigned recommends that plaintiff's

3  motion for preliminary injunctive relief  be denied, that defendants' motions to dismiss be

4  granted, and that the entire action be dismissed as to all claims.

5  <u>PROCEDURAL HISTORY</u>

6  This matter came before the court on June 27, 2008 for hearing of three motions

7  to dismiss brought by defendants.  Plaintiff appeared <u>in propria persona</u>.  Daniel B. Alweiss, Esq.

8  appeared as counsel for defendants Mize, Candee, Brown, Krabbenhoft, and Krause.  Laura Jean

9  Marabito, Esq. appeared as counsel for defendants Parks, Simpson, County of Sacramento,

10  County of Sacramento Planning & Community Development Code Enforcement Division,

11  O'Brien, Marsh, Acero, Scully, Dickinson, and McGinness.  The court addressed plaintiff's

12  failure to file opposition to defendants' motions and granted plaintiff's oral request for an

13  extension of time to file opposition.  Hearing of the three motions was continued to August 15,

14  2008.  Subsequently, a motion to dismiss filed by defendants Hollows, Scott, Montoya, and Hall

15  was also noticed for hearing on August 15, 2008.

16  Despite having been granted an extension of time to do so, plaintiff did not file

17  opposition or a statement of non-opposition to any of the defendants' motions.  Nor did he seek

18  an extension of time to do so.[2]  By order filed August 6, 2008, the undersigned vacated the

19  hearing set for August 15, 2008 and deemed defendants' unopposed motions submitted pursuant

20  to Local Rule 78-230(c) and (h).

21  /////

22

23  [2]  Plaintiff has filed two documents in this case since the hearing on June 27, 2008.  On
July 7, 2008, he filed a notice of appeal from every order filed in this action up to that date and

24  from the civil new case documents issued by the Clerk at case opening.  On August 13, 2008, the
United States Court of Appeals for the Ninth Circuit dismissed plaintiff's interlocutory appeal for

25  lack of jurisdiction.  On September 12, 2008, plaintiff filed a document stating his intent to seek
a writ of mandamus and complaining that the district court did not issue a scheduling order

26  within 120 days after he filed this case.  On September 9, 2008, the Ninth Circuit Court of
Appeals issued the mandate regarding its August 13, 2008 order.

2

## PLAINTIFF'S FAILURE TO COMPLY WITH APPLICABLE RULES

Pursuant to Local Rule 83-183(a), "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules"[3] and "[f]ailure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Failure of counsel or any party to comply with the Federal Rules, the Local Rules, or any order of the court may be grounds for imposition of any and all sanctions authorized by statute or rule or within the inherent power of the court. Local Rule 11-110.

Local Rule 78-230 governs civil motion calendars and procedure. If a case has been referred to the magistrate judge pursuant to Local Rule 72-302(c)(21), all motions must be noticed, briefed, and argued before the Magistrate Judge. Local Rule 78-230(l). Opposition to the granting of a motion must be filed not less than fourteen calendar days preceding the noticed hearing date. Local Rule 78-230(c). A party who fails to file timely opposition to a motion is not entitled to be heard in opposition to the motion at oral argument. Local Rule 78-230(c). Failure to appear at the hearing of a properly noticed motion may be deemed a withdrawal of opposition to the motion or may result in the imposition of sanctions. Local Rule 78-230(j).

Plaintiff violated Local Rule 78-230 initially by failing to file opposition to the three motions noticed for hearing on June 27, 2008. He violated the same rule a second time, after having obtained an extension of time to file opposition, by failing to file opposition to any of the motions noticed or set for hearing on August 15, 2008. Because of plaintiff's repeated failure to oppose defendants' motions, the court could deem his lack of opposition and his waiver of oral argument to be a withdrawal of any opposition he may have had. In the interests of justice, however, the undersigned addresses defendants' motions on their merits.

/////

---

[3] The Local Rules are available on the court's web site at www.caed.uscourts.gov/caed and may also be obtained from the Clerk of the Court.

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants' motions have been brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Such a motion tests the legal sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and liberally construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider matters of public record, including pleadings and other papers filed with the court. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

/////

II. Judicial Notice of Public Records

In support of their motions to dismiss, some of the defendants have requested that the court take judicial notice of public records.  On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may take judicial notice of its own files and of documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc.,442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).  Cf. In re Zoran Corp. Derivative Litigation, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) (declining to take judicial notice of a fact document filed in a wholly unrelated action that involved the same legal principles but involved different parties making different allegations and asserting different claims, theories, and arguments).

Defendant Acero requests that the court take judicial notice of three documents: (1) a complaint filed on December 27, 2007, by Sharon Martin in Martin v. Parks, et al., case No.2:07-cv-2796 LKK EFB PS (E.D. Cal. 2007); (2) a complaint filed on January 4, 2008, by Jackie Mellow and Sharon Martin in Mellow, et al. v. Sacramento County, et al., case No. 2:08-cv-0027 LKK EFB PS (E.D. Cal. 2008); and (3) a motion to dismiss filed February 1, 2008 by defendant Acero on behalf of the County defendants in the Martin case.

Defendants Hollows, Scott, Montoya, and Hall also request that the court take judicial notice of the Martin and Mellow complaints.  In addition, these defendants request that the court take judicial notice of the following adjudicative facts:  (1) Gregory G. Hollows is and was at all relevant times a magistrate judge for the United States District Court for the Eastern

District of California; (2) McGregor W. Scott was at all relevant times the United States Attorney for the Eastern District of California; (3) Benjamin E. Hall is and was at all relevant times an Assistant U.S. Attorney in the Eastern District of California and represents Gregory G. Hollows in the Martin case; and (4) Bobbie J. Montoya is and was at all relevant times an Assistant U.S. Attorney in the Eastern District of California and represents McGregor W. Scott in the Martin case.

Plaintiff has not opposed defendants' requests for judicial notice. In light of the arguments made by defendants in their motions to dismiss, and in light of the allegations of plaintiff's complaint, the undersigned finds it appropriate to take judicial notice of the two complaints and the motion to dismiss because they are documents in this court's own files. In addition, the undersigned finds that the four adjudicative facts asserted by defendants Hollows, Scott, Hall, and Montoya are not subject to reasonable dispute in that the facts are generally known within the territorial jurisdiction of this court and are also capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The defendants' requests for judicial notice are therefore granted.

III. Analysis

The caption of plaintiff's voluminous complaint identifies the pleading as a "Civil RICO Complaint." In the opening paragraph, plaintiff alleges that he seeks civil remedies and injunctive relief pursuant to 18 U.S.C. §§ 1964(a)-(c) "for injury to person and property by a Racketeering Influenced and Corrupt Organization committing an [sic] pattern of predicate acts of 'collection of unlawful debt' in violation of §§ 1341 and 1962(d) of Title 18 U.S.C."

Although the complaint is typed and contains allegations in numbered paragraphs, the pleading is virtually incomprehensible because plaintiff has interpolated numerous exhibits, some of which are lengthy. Exhibits include entire copies of published court decisions as well as copies of documents filed in other cases and administrative materials that have exhibits of their own or contain numbered paragraphs of their own. For example, page 13 of the complaint

contains numbered paragraphs 16 through 20.  It is followed by 22 pages of exhibits, and

plaintiff's paragraph 21 does not appear until page 36.  Numbered paragraph 25 is the final

paragraph on page 37, which is followed by 31 pages of exhibits, so that numbered paragraph 26

does not appear until page 69.  Plaintiff's use of headings is erratic at best, and the headings do

little to assist the reader.  The complaint totals 143 pages, but plaintiff's seven causes of action

and prayer for relief do not appear until pages 137 through 141.  Many of plaintiff's allegations

are vague and conclusory, and some of the details that are alleged have no apparent relevance to

plaintiff's claims.

Although plaintiff's prayer for relief is headed "Plaintiffs [sic] Claims for

Damages and Injunctive Relief," the prayer identifies only various forms of monetary relief, with

no mention of any injunctive relief against any defendant.

A.  The State Defendants

Defendants James Mize and Roland Candee are state superior court judges,

defendant Edmund Brown is the state attorney general, and defendants William Krabbenhoft and

Peter Krause are deputy attorneys general.  The court will refer to these defendants collectively as

the State defendants.

The State defendants seek dismissal of the claims against them on the ground that

the complaint fails to state a claim upon which relief can be granted because (1) plaintiff's claims

are barred by the Younger abstention doctrine, (2) the state court judges and deputy attorneys

general are immune, and (3) plaintiff's RICO claim is insufficient.

1.  Younger Abstention

While federal courts have an obligation to exercise jurisdiction where it exists,

particularly in civil rights cases, abstention may be required under Younger v. Harris, 401 U.S.

37 (1971), when there are ongoing state proceedings that implicate important state interests and

there is adequate opportunity in the state proceedings to raise federal questions.  Confederated

Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994); Miofsky v. Superior Court of the State

of California, 703 F.3d 332, 337-38 (9th Cir. 1983).  The abstention doctrine extends to state

administrative proceedings.  Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S.

619, 627 (1986).  "When a case falls within the proscription of Younger, a district court must

dismiss the federal action."  Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353,

1356 (9th Cir. 1986).  In addition, there is no discretion to grant injunctive relief if the case is

within the Younger category of cases.  Id. (citing Colorado River Water Conservation Dist. v.

United States, 424 U.S. 800, 816 n. 22 (1976)).

The State defendants assert that Younger abstention applies because there is

already an ongoing state administrative proceeding in which plaintiff attended a hearing

regarding the various citations he had received, as evidenced in plaintiff's own complaint at ¶ 34

and pages 85-92.  Defendants contend that important state interests are implicated in that

plaintiff's property has been found to be a public nuisance which has been ordered to be abated

due to the number of abandoned vehicles and rubbish on his property.  Defendants argue that the

state proceedings provide adequate opportunity for plaintiff to raise his federal claims because

plaintiff can appeal the administrative hearing decision and order to the superior court and seek

judicial review.

Nothing in plaintiff's pleading contradicts the State defendants' argument in favor

of Younger abstention, and plaintiff has not opposed their motion in any way.  Finding

defendants' argument persuasive, the undersigned recommends that this court abstain from

addressing plaintiff's claims against the State defendants.

2.  Immunity

Judges acting within the course and scope of their judicial duties are absolutely

immune from liability for damages.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  "[T]he factors

determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e.,

whether it is a function normally performed by a judge, and to the expectations of the parties, i.e.,

whether they dealt with the judge in his judicial capacity."  Stump v. Sparkman, 435 U.S. 349,

362 (1978).  Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges."  In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

A quasi-judicial immunity "is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'"  In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)).  Quasi-judicial immunity is available to individuals who perform functions that are judicial in nature or "have a sufficiently close nexus to the adjudicative process."  Id. at 948.  The Supreme Court has found that such immunity is available to prosecutors when they are initiating a prosecution and presenting the state's case, and when they are taking action and making decisions in preparation for the initiation of a prosecution or for trial.  Id.  Quasi-judicial immunity applies to administrative law judges and agency hearing officers when they are performing adjudicative functions within a federal agency, to agency officials performing functions analogous to those of a prosecutor, to agency attorneys when arranging for the presentation of evidence in the course of an administrative adjudication, and to individuals who participate in the judicial process when they are acting within the scope of their duties.  Id.

The State defendants assert that plaintiff's allegations against defendants Candee and Mize are related to the issuance of warrants, apparently for the inspection of plaintiff's property regarding violations of various ordinances, as well as to their role in the related matter involving Sharon Martin.  Defendants contend that the issuance of inspection warrants falls squarely within the exercise of judicial authority provided for in California Code of Civil Procedure § 1822.50 and that plaintiff has not pled any facts regarding the conduct of defendants Candee and Mize that would support a conclusion that judicial immunity should not apply.

The State defendants also argue that defendants Krabbenhoft and Krause have absolute quasi-judicial immunity from suit because the allegations against them are related to their role as deputy attorneys general defending state court judges and the state attorney general in this case and in the related matter involving Sharon Martin.

Nothing in plaintiff's pleading contradicts the State defendants' arguments in favor of judicial and quasi-judicial immunity, and plaintiff has not opposed their motion in any way. Finding defendants' arguments persuasive, the undersigned recommends that plaintiff's claims against defendants Candee, Mize, Krabbenhoft, and Krause be dismissed because these defendants are entitled to judicial or quasi-judicial immunity.

### 3. Insufficiency of RICO Claims

Under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), it is criminal to conduct an enterprise's affairs through a pattern of racketeering activity, which is defined as behavior that violates specific federal or state laws that address specified topics and bear specified penalties. Rotella v. Wood, 528 U.S. 549, 552 (2000). For example, racketeering activity includes "any act or threat involving . . . bribery" that is chargeable under State law and punishable by imprisonment for more than one year, and acts that are indictable under 18 U.S.C. § 201, which relates to bribery of public officials. 18 U.S.C. § 1961(1)(A) & (B). RICO includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit. Rotella, 528 U.S. at 552 (quoting 18 U.S.C. § 1964(c)). It is the injury to a person's business or property that gives the person standing to sue. See 18 U.S.C. § 1964(c).

In order to state a claim under RICO, the plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. See 18 U.S.C. §§ 1961-68, 2314 & 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-97 (1985). Predicate acts extending over a few weeks or months

and threatening no future criminal activity do not demonstrate a pattern of racketeering activity.

River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir. 1992)

(citing H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)).

The compensable harm that must be alleged is "the harm caused by predicate acts sufficiently related to constitute a pattern." Sedima, 473 U.S. at 497. The plaintiff must allege injury to his property or injury to a business or property interest of legal value to plaintiff under state law. Diaz v. Gates, 420 F.3d 897, 899 (9th Cir. 2005). While personal injuries, such as loss of earnings, mental anguish, and pain and suffering, may have pecuniary consequences, they are not compensable under RICO. Id. at 900.

Defendants contend that plaintiff's RICO claims are insufficient because the only victim in the alleged conspiracy is plaintiff himself and plaintiff cannot establish a pattern of racketeering activity based on isolated acts against one individual person. Defendants also contend that plaintiff's RICO claims are insufficient because plaintiff seeks damages based on citations and fines related to his failure to comply with county ordinances, but he has failed to allege any damages to a business or to physical property.

Nothing in plaintiff's pleading contradicts the State defendants' arguments concerning the deficiencies in his RICO claims, and plaintiff has not opposed defendants' motion in any way. The undersigned finds defendants' arguments persuasive because plaintiff has failed to allege any injury to business or property that would give him standing to sue under RICO, and he has failed to allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and any relevant harm suffered by plaintiff. The undersigned will recommend that plaintiff's RICO claims against the State defendants be dismissed because plaintiff's allegations fail to state a plausible RICO claim against any of these defendants.

/////

B. Defendant Acero

Defendant Acero moves for an order dismissing, without leave to amend, either the entire complaint or the claims against him. Defendant Acero, who is an attorney formerly with the law firm that represents him in this action, contends that plaintiff has sued him because he filed a motion to dismiss on behalf of various defendants associated with the County of Sacramento in the related matter involving Sharon Martin.

Defendant Acero asserts that the specific allegations against him are that (1) defendants Marsh and Mize "did contract with defendant George A. Acero to bribe district court judge Morrison England to assign the civil action to defendant Gregory Hollows"; (2) defendant Jan Scully conspired with defendant Acero and other defendants "to threaten and intimidate citizens to protect their 'status as ring-leaders' in the racketeering enterprise to file false liens"; and (3) defendant Acero is the attorney of record for several defendants named in the cases involving Sharon Martin and Jackie Mellow. (Compl. ¶¶ 37 & 38.)

Defendant Acero contends that the claims in plaintiff's complaint, asserted generally against all defendants, are too vague and conclusory to support any claim, but, to the extent that claims may be construed as sufficiently alleged, the claims are barred by affirmative defenses such as the lack of a private right of action.

1. RICO Claims

Defendant argues first that plaintiff has not stated claims under the RICO Act because the allegations of the complaint do not give rise to such claims, especially as to defendant Acero. The undersigned agrees. Plaintiff's allegation that defendant Acero "bribed" District Judge England to assign the Mellow case to Magistrate Judge Hollows is fundamentally flawed because this court uses an automated case assignment system by which each civil case, except for Social Security cases and cases filed by prisoners, is randomly assigned at the time of filing to both a district judge and a magistrate judge. See Local Rule 3-120(e) Appendix A to the Local Rules (setting forth in full the automated case assignment plan approved by the court en

banc).  In addition, plaintiff has failed to allege any injury to his business or property arising from the assignment of the Mellow case to District Judge England and Magistrate Judge Hollows.

Nothing in plaintiff's pleading contradicts defendant Acero's contentions regarding plaintiff's RICO claim against him, and plaintiff has not opposed defendant's motion in any way.  The undersigned finds that plaintiff's complaint fails to state a plausible RICO claim against defendant Acero in particular, and plaintiff's failure to allege any injury to business or property deprives him of standing to sue under RICO.  The undersigned will therefore recommend that plaintiff's RICO claims against defendant Acero be dismissed.

2. Conspiracy Claims

Defendant Acero contends that plaintiff's mere references to him in connection with multiple vague allegations of conspiracy are insufficient to support such claims factually or legally.

Section 1983 provides that if a person acting under color of state law deprives a citizen of the United States of rights guaranteed by the United States Constitution or a federal law, that person will be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendant and the deprivation of rights alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Section 1985 proscribes conspiracies to interfere with civil rights.  42 U.S.C. § 1985.  However, "[a] mere allegation of conspiracy without factual specificity is insufficient."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988)

Here, plaintiff's complaint contains no factual allegations linking defendant Acero to a conspiracy to file fabricated complaints, which appear to refer to the zoning citations issued against plaintiff. The complaint also fails to allege facts showing that any of the citations or the proceedings arising from them violated plaintiff's federal constitutional rights. For the reasons discussed supra, the allegations of plaintiff's complaint fail to state a conspiracy claim with respect to the assignment of judges in the Mellow case. Moreover, plaintiff has not alleged any injury to his federal constitutional rights as a result of a conspiracy arising in a case to which plaintiff is not a party.

With respect to any conspiracy claims arising under state law, defendant Acero argues that, as to him, plaintiff's complaint fails to show that there was an agreement among the alleged conspirators to commit a tortious act, that tortious acts were committed pursuant to the agreement, and that the tortious acts resulted in damage to plaintiff. See Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994) (describing the elements of a civil conspiracy as the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design).

Nothing in plaintiff's pleading contradicts defendant Acero's contentions regarding plaintiff's conspiracy claims against him, and plaintiff has not opposed defendant's motion in any way. The undersigned finds defendant's arguments persuasive that plaintiff's complaint fails to state a plausible conspiracy claim against defendant Acero and fails to allege facts linking defendant Acero to any violation of plaintiff's constitutional rights. The undersigned will recommend that plaintiff's conspiracy claims against defendant Acero be dismissed.

3. Conversion Claim

Defendant Acero asserts that plaintiff's claim for conversion of his real and personal property without due process or just compensation should be dismissed because plaintiff has not alleged what property was converted, if any, has not alleged that defendant Acero ever

entered plaintiff's property or had any contact with plaintiff's property, and has not alleged any facts that connect defendant Acero to any property that was converted. Defendant notes that plaintiff's claim for conversion is grounded on § 19 of Article 1,which prohibits imprisonment for debts, and that plaintiff has alleged no facts showing that he was imprisoned as a result of any acts of defendant Acero's.

Nothing in plaintiff's pleading contradicts defendant Acero's contentions regarding plaintiff's conversion claim against him, and plaintiff has not opposed defendant's motion in any way. The undersigned finds defendant's arguments persuasive that plaintiff's complaint fails to state a plausible conversion claim against defendant Acero. The undersigned will recommend that plaintiff's conversion claim against defendant Acero be dismissed.

4. Claims of Perjury, Fraud, Swindling by Embezzlement, and Bribery

Defendant Acero seeks dismissal of plaintiff's claim of perjury in a federal court proceeding on the ground that plaintiff's complaint fails to identify any false statement made by defendant Acero in any oath or declaration, as required for a claim of perjury arising under 18 U.S.C. § 1621 or 28 U.S.C. § 1746.

Defendant Acero seeks dismissal of plaintiff's claims of fraud and swindling because neither 18 U.S.C. § 1962 nor 18 U.S.C. § 1341 creates a private right of action. In addition, defendant asserts that these claims are factually insufficient in that plaintiff has not alleged that any of his money or property was actually taken, that defendant Acero mailed any notices to plaintiff or created the documents that were mailed, or that the notices mailed to plaintiff were not sent pursuant to County Code provisions.

Defendant Acero seeks dismissal of plaintiff's claim of bribery brought pursuant to 18 U.S.C. § 201 on the grounds that the statute does not create a private civil right of action, the assignment of cases in the Eastern District is automated, and plaintiff's conclusory allegation that defendant Acero was involved in some way with the assignment of judges in the case filed by Jackie Mellow and Sharon Martin lacks any factual basis. Defendant Acero seeks dismissal

of plaintiff's claim of bribery pursuant to 18 U.S.C. § 666 because plaintiff has not referenced any program receiving federal funds, the theft of such funds, the bribery of program officials receiving such funds, or the misappropriation of a thing that exceeds $5,000.00 in value.

Nothing in plaintiff's pleading contradicts defendant Acero's contentions regarding plaintiff's perjury, fraud, swindling, and bribery claims against him, and plaintiff has not opposed defendant's motion in any way. The undersigned finds defendant's arguments persuasive that plaintiff's complaint fails to state a plausible claim for perjury, fraud, swindling, or bribery against defendant Acero. The undersigned will recommend that plaintiff's claims for perjury, fraud, swindling, and bribery against defendant Acero be dismissed.

C. The Sacramento County Defendants

Defendants County of Sacramento, County of Sacramento Department of Planning, Deputy County Counsel Lura O'Brien, County Counsel Robert Ryan, Code Enforcement Officer II Jenneil Parks, Director of Code Enforcement Carl Simpson, County Hearing Officer Karyl Marsh, Sacramento District Attorney Jan Scully, Sacramento County Supervisor Roger Dickinson, and Sacramento County Sheriff John McGinness are elected officials and employees of Sacramento County. These defendants will be referred to collectively as the Sacramento County defendants.

Counsel for the Sacramento County defendants also represent defendant Acero, and the arguments made on behalf of the Sacramento County defendants are similar to those made on behalf of defendant Acero. Like defendant Acero, the Sacramento County defendants contend that plaintiff has failed to allege sufficient facts to assert any viable claim and that any claims for which plaintiff has alleged sufficient facts are subject to dismissal due to affirmative defenses that bar those claims. Defendants move for an order dismissing, without leave to amend, either the entire complaint or all of the claims against them.

/////

16

### 1. RICO Claims

Defendants argue first that plaintiff has not stated claims under the RICO Act because the allegations of the complaint do not give rise to such claims. Defendants describe plaintiff's allegations as too conclusory to state an actionable claim, particularly with regard to his allegations of fraud, since Rule 9(b) of the Federal Rules of Civil Procedure require the plaintiff to state with particularity the circumstances constituting the alleged fraud. Defendants argue that plaintiff's complaint fails to allege facts that connect activities of the defendants with any criminal activities of an organized nature, thereby failing to state a claim upon which relief can be granted, and that plaintiff lacks standing to pursue his claims against the Sacramento County defendants because he has not alleged any way in which an enterprise or business of his has been injured.

The undersigned find that nothing in plaintiff's pleading contradicts the Sacramento County defendants' arguments concerning the deficiencies in plaintiff's RICO claims, and plaintiff has not opposed defendants' motion in any way. The undersigned finds defendants' arguments persuasive because plaintiff has failed to allege any injury to business or property that would give him standing to sue under RICO, and he has failed to allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and any relevant harm suffered by plaintiff. The undersigned will therefore recommend that all of plaintiff's RICO claims against the Sacramento County defendants be dismissed because plaintiff's allegations fail to state a plausible RICO claim against any of these defendants.

### 2. Conspiracy Claims

The Sacramento County defendants contend that plaintiff's multiple vague allegations of conspiracy are insufficient to support such claims factually or legally.

Defendants note that plaintiff recites a list of "offenses" but fails to allege any agreement among any of the defendants to commit the offenses. Defendants offer a summary of

plaintiff's allegations that shows County employees inspected plaintiff's property pursuant to a warrant after plaintiff refused to permit inspection, discovered numerous housing and zoning code violations, issued appropriate notices of violations, and placed a lien on plaintiff's property after he failed to take any corrective action in response to the notices. Defendants argue that plaintiff's factual allegations fail to support his assertions of trespass, fraud, embezzlement, robbery, larceny, bribery, or any kind of taking. Defendants observe that plaintiff's allegation of mail fraud is grounded solely on the fact that the County sent him legal notices by U.S. mail.

Defendants contend that plaintiff's conclusory allegation of a conspiracy to take his property without due process fails to state a claim against Sacramento County or any County entity for two reasons: (1) plaintiff has not alleged that a municipal custom or policy was the moving force of the alleged constitutional violation and (2) plaintiff has not alleged that he pursued applicable state remedies and was denied just compensation.

Defendants argue that the individual Sacramento County defendants and the County itself are entitled to immunity against plaintiff's state law conspiracy claims pursuant to California Government Code § 821.8, which provides that "[a] public employee is not liable for an injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law," because plaintiff's own allegations show that County defendants entered his property under lawful authority. Defendants argue that other County defendants acted lawfully in filing legal documents pursuant to the County's zoning laws, entitling them and the County to immunity pursuant to California Government Code § 820.4, which provides that a "public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law," and California Government Code § 821.6, which provides that any "injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

In addition, Sacramento County defendants assert that the individual defendants are entitled to qualified immunity because their conduct does not violate clearly established

statutory or constitutional rights which a reasonable person would have known existed. Defendants assert that plaintiff has not carried his burden of alleging facts showing otherwise and cannot do so because the defendants were merely performing their jobs in accordance with Sacramento County codes.

With respect to plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, defendants argue that plaintiff's vague allegation of "fabricated complaints," presumably referring to the zoning citations, fails to demonstrate the deprivation of any of the constitutional rights asserted by plaintiff and does not present a viable conspiracy claim because none of the necessary factual elements of such a claim have been alleged.

The undersigned finds that plaintiff's complaint fails to allege a cognizable claim of conspiracy against the Sacramento County defendants with respect to County zoning issues because there is no showing that the County citations or the proceedings arising from them violated plaintiff's federal constitutional rights. Nothing in plaintiff's pleading contradicts the Sacramento County defendants' contentions regarding plaintiff's conspiracy claims against them, and plaintiff has not opposed defendants' motion in any way. The undersigned finds defendants' arguments persuasive that plaintiff's complaint fails to state a plausible conspiracy claim against any Sacramento County defendant and fails to allege facts linking any of the defendants to any violation of plaintiff's rights. The undersigned will recommend that plaintiff's conspiracy claims against the Sacramento County defendants be dismissed.

3. Conversion Claim

The Sacramento County defendants assert that plaintiff's claim for conversion of his real and personal property without due process or just compensation should be dismissed because plaintiff has not alleged what property was converted, if any, and has not indicated what due process rights were violated. Defendants note that plaintiff's claim for conversion is grounded on § 19 of Article 1, which prohibits imprisonment for debts, and that plaintiff has alleged no facts showing that he was imprisoned at all or as a result of any acts by defendants.

Nothing in plaintiff's pleading contradicts defendants' contentions regarding plaintiff's conversion claim against them, and plaintiff has not opposed defendants' motion in any way. The undersigned finds defendants' arguments persuasive that plaintiff's complaint fails to state a plausible conversion claim against them. The undersigned will recommend that plaintiff's conversion claim against the Sacramento County defendants be dismissed.

4. Claims of Perjury, Fraud, Swindling by Embezzlement, and Bribery

Sacramento County defendants seek dismissal of plaintiff's claim of perjury in a federal court proceeding on the ground that plaintiff's complaint fails to identify any false statements made by any of these defendants in any oath or declaration, as required for a claim of perjury arising under 18 U.S.C. § 1621 or 28 U.S.C. § 1746.

Defendants seek dismissal of plaintiff's claims of fraud and swindling because neither 18 U.S.C. § 1962 nor 18 U.S.C. § 1341 create a private right of action. In addition, defendants assert that these claims are factually insufficient in that plaintiff has not alleged that any of his money or property was actually taken or that the notices mailed to plaintiff were not sent pursuant to County Code provisions.

Defendants seek dismissal of plaintiff's claim of bribery of federal employees under 18 U.S.C. § 201 on the grounds that the statute does not create a private civil right of action and plaintiff has not alleged any facts regarding bribery by any Sacramento County defendant. Defendants seek dismissal of plaintiff's claim of bribery pursuant to 18 U.S.C. § 666 because plaintiff has not referenced any program receiving federal funds, the theft of such funds, the bribery of program officials receiving such funds, or the misappropriation of a thing that exceeds $5,000.00 in value.

Nothing in plaintiff's pleading contradicts defendants' contentions regarding plaintiff's perjury, fraud, swindling, and bribery claims against them, and plaintiff has not opposed defendants' motion in any way. The undersigned finds defendants' arguments persuasive that plaintiff's complaint fails to state a plausible claim for perjury, fraud, swindling,

or bribery against the Sacramento County defendants.  The undersigned will recommend that plaintiff's claims for perjury, fraud, swindling, and bribery against these defendants be dismissed.

### 5. Claims Against Defendants Simpson, McGinness, and Dickinson

Sacramento County defendants assert that plaintiff's complaint contains no allegations against defendants Simpson, McGinness, and Dickinson and that if any of plaintiff's allegations are deemed to be directed against these defendants, they are entitled to qualified immunity.  Plaintiff has not opposed defendants' motion in any way, and the undersigned finds no allegations against these three defendants.  The undersigned will therefore recommend that plaintiff's claims against defendants Simpson, McGinness, and Dickinson be dismissed for complete failure to allege any factual and/or legal basis for a claim against them.

### 6. Claim for Injunctive Relief

Plaintiff's first cause of action is titled "Plaintiff's First Claim Against All Defendants for Civil RICO Damages and Injunctive Relief, 18 U.S.C. §§ 1964(a) and (c) Civil Remedies."  (Comp. at 137.)  Sacramento County defendants assert that injunctive relief is not available where there is an allegation of past criminal conduct but no allegation of a threat of the same harm in the future.  Defendants argue that plaintiff has not described any conduct that he wishes to be enjoined and that a court of equity has no power to restrain public officers from performing public acts that they are required to perform under law.  For these reasons, defendants seek dismissal of plaintiff's claims for injunctive relief.

Plaintiff has not opposed defendants' motion to dismiss his claim for injunctive relief.  As the undersigned has noted supra, plaintiff's prayer for relief is headed "Plaintiffs [sic] Claims for Damages and Injunctive Relief" but identifies only monetary relief.  In the absence of any allegation supporting plaintiff's mere mention of injunctive relief in two headings, the undersigned will recommend that plaintiff's claim for such relief be dismissed for failure to allege any factual and/or legal basis for such relief.

/////

21

D.  The Federal Defendants

United States Magistrate Judge Gregory G. Hollows, United States Attorney McGregor W. Scott, Assistant U.S. Attorney Bobbie J. Montoya, and Assistant U.S. Attorney Benjamin E. Hall will be referred to collectively as the Federal defendants.  These defendants move to dismiss the action for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment.  Defendants' motion is grounded on two contentions:  (1) plaintiff has not alleged, and cannot allege, facts to establish that the Federal defendants were materially involved in the underlying county code enforcement actions; and (2) the Federal defendants are entitled to absolute judicial immunity.

As defendants note, there are only two paragraphs in which the Federal defendants are named:

> 37.    Defendant Marsh, acting in conspiracy with her co-conspirator Mize, did contract with defendant George A. Acero to bribe district court judge Morrison England to assign the civil action to defendant Gregory Hollows, a federal employee, and did obstruct justice to evade civil and criminal prosecution in furtherance of conducting the affairs of the federal district court as the same racketeering enterprise they operated in the superior court through defendant Roland Candee . . . .

> 38.    Defendant Jan Scully, acting in conspiracy with defendants Acero, Edmund G. Brown, Jr., Peter A. Krause, John McGinness, Roger Dickinson, McGregor Scott, Bobbie J. Montoya, Benjamin B. Hall to threaten and intimidate citizens to protect their "status as ring-leaders" in the racketeering enterprise to file false liens against real estate which they could financially benefit from after forcing OWNERS into foreclosure . . . .

(Compl. ¶¶ 37 & 38, at 110.)  Aside from these allegations, plaintiff's claims against the Federal defendants can be found only in non-specific allegations against "all defendants."

In light of plaintiff's failure to allege facts that connect the Federal defendants to the state code enforcement proceedings against plaintiff, the undersigned finds that plaintiff's complaint fails to state any plausible claim against the Federal defendants.  For the reasons set forth infra, the court need not decide whether plaintiff could state a plausible claim against these

1  defendants if granted leave to amend because all of the Federal defendants are entitled to

2  immunity.

3          As set forth in the court's analysis of the State defendants' motion to dismiss,

4  judges acting within the course and scope of their judicial duties are absolutely immune from

5  liability for damages.  Pierson, 386 U.S. at 553-54.  Whether an act by a judge is judicial relates

6  to the nature of the act, Stump, 435 U.S. at 362, and judicial immunity applies however

7  erroneous the act may have been, Cleavinger, 474 U.S. at 199-200.  In this case, plaintiff's

8  conclusory allegations do not describe any non-judicial act by Magistrate Judge Hollows or any

9  judicial act that was performed in the complete absence of all jurisdiction.  See Stump, 435 U.S.

10 at 356-57 (holding that a judge is subject to liability for a judicial act only when he has acted in

11 the clear absence of all jurisdiction).  Accordingly, the undersigned  finds that Magistrate Judge

12 Hollows is entitled to judicial immunity and will therefore recommend that plaintiff's claims

13 against defendant Hollows be dismissed with prejudice.

14         Federal defendants McGregor Scott, Bobbie Montoya, and Benjamin Hall assert

15 that plaintiff's claims against them are barred by the doctrine of absolute immunity.  A

16 prosecutor is entitled to absolute immunity from a civil action for damages when the case

17 challenges activities related to the initiation and presentation of a criminal prosecution.  Imbler v.

18 Pachtman, 424 U.S. 409, 430-31 (1976).  Prosecutorial immunity is available when the

19 prosecutor "performs a function that is 'intimately associated with the judicial phase of the

20 criminal process.'"  KRL v. Moore, 384 F.3d 1105, 1110 (9th Cir. 2004) (quoting Imbler, 424

21 U.S. at 430).  Put another way, it is the prosecutor's quasi-judicial functions, rather than his

22 administrative or investigative functions, that are absolutely immune, and therefore the

23 prosecutor's absolute immunity applies only after probable cause is established or criminal

24 proceedings have begun.  KRL, 384 F.3d at 1111 (citing Broam v. Bogan, 320 F.3d 1023, 1030

25 (9th Cir. 2003)).

26 /////

Determining whether the actions of a government official are immunized requires a functional analysis. Imbler, 424 U.S. at 430. It is the classification of the challenged acts, rather than the motivation underlying them, that determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc). The court should "'examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and . . . seek to evaluate the effect that exposure to . . . liability would likely have on the appropriate exercise of those functions.'" Fry v. Melaragno, 939 F.2d 832, 835 n.6 (9th Cir. 1991) (quoting Forrester v. White, 484 U.S. 219, 224 (1988)). Additional factors to be considered by the court are "(1) whether there is 'a historical or common law basis for the immunity in question;' (2) whether performance of the function poses a risk of harassing or vexatious litigation against the official; and (3) whether there exist alternatives to damage suits against the official as means of redressing wrongful conduct." Id. (citations omitted). The official seeking absolute immunity bears the burden of establishing that immunity is justified with respect to the function he or she performs. KRL, 384 F.3d at 1110; Fry, 939 F.2d at 835 n.6 (citing Forrester, 484 U.S. at 224).

The Federal defendants assert correctly that absolute immunity is not limited to criminal prosecutors. Such immunity applies to government attorneys in civil matters as long as the actions complained of arose in the course of litigation with the United States, its officers, and its agencies. Fry, 939 F.2d at 836-37. Although plaintiff's complaint is extremely vague regarding the claims against defendants Hollows, Scott, Montoya, and Hall, it appears that plaintiff has sued defendants Montoya and Hall because they represented defendants Scott and Hollows, respectively, in the related matters involving Sharon Martin and Jackie Mellow. Thus, the acts complained of in this case arose in the course of other litigation with officers of the United States and are therefore closely associated with the judicial process. The undersigned finds that defendants Scott, Montoya, and Hall are entitled to absolute prosecutorial immunity and will recommend that plaintiff's claims against them must be dismissed with prejudice.

E. Whether Plaintiff Should Be Granted Leave to Amend

The court considers next whether plaintiff's complaint should be dismissed with leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Prejudice to the opposing party is often the most important factor. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-31 (1971)). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).

In the instant case, all defendants have urged dismissal with prejudice. The undersigned finds that it would be futile to grant plaintiff leave to amend because the defects of his complaint do not appear to be curable by amendment. Many of the defendants are entitled to immunity, and it appears that it would be futile to grant plaintiff leave to amend the remaining claims. The undersigned will therefore recommend that defendants' motions to dismiss be granted and that plaintiff's complaint be dismissed without leave to amend.

## PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF

I. Legal Standards Applicable to Requests for Injunctive Relief

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a

significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

Speculative injury does not constitute irreparable harm.  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); Caribbean Marine Servs. Co., 844 F.2d at 674.

A preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  As a general rule, the court cannot issue orders against individuals who are not parties to the suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (holding that it was error for the lower court to enforce an order against a nonparty without having determined, in a proceeding to which the nonparty was a party, that the nonparty acted in concert with the defendants and received actual notice of the order by personal service or otherwise).

A request for preliminary injunctive relief filed in this court "shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with provision for bond."  Local Rule 65-131(d).

II.  Analysis

Plaintiff requests an order enjoining defendants Parks, Simpson, County of Sacramento, and County of Sacramento Planning & Community Development Code Enforcement Division, along with their officers, agents, servants, employees, and attorneys and all those acting in concert with them, from

> [t]respassing upon, inspecting or entering Plaintiff Michael D.
> Ambler's real estate located at 7340 Rio Linda, CA. 95673 or
> taking any personal property therefrom by any means constituting

1    trespass with intent to commit theft in violation of California Penal
     Code §§ 484, 487 and 602.
2

3    (Pl.'s Mot. for Preliminary Inj. at 1.)  Plaintiff asserts that immediate and irreparable injury will

4    result to him if the activities described are not enjoined pending jury trial of this action.

5              Plaintiff supports his motion with a declaration stating that he has owned the

6    property for five years and that the real estate and the personal property on it "are the only

7    remaining assets left to finance survival until age 62." (Id., Ambler Decl. at 1.)  Plaintiff declares

8    that defendants falsely asserted that his property was abandoned and converted it to a public park

9    without due process and in violations of plaintiff's rights under the Fifth, Seventh, and

10   Fourteenth Amendments.  Plaintiff supports his motion with several exhibits, which include

11   newspaper articles concerning code enforcement issues in Rio Linda and Elverta and an

12   unfavorable nuisance code decision regarding plaintiff's property.  Plaintiff has also submitted a

13   two-page memorandum of points and authorities, a proof of service, and a TRO checklist.

14             Plaintiff's supporting documents do not establish that defendants have declared

15   his property abandoned and converted it to a public park.  Moreover, those supporting documents

16   contradict plaintiff's allegation regarding the denial of due process with respect to code

17   enforcement proceedings.  Plaintiff's memorandum of points and authorities is focused on

18   regulatory takings, but plaintiff has not established that such a taking occurred with regard to any

19   of his property, real or personal.  Moreover, the authorities cited by plaintiff provide for relief in

20   the form of compensation for a regulatory taking.  Plaintiff's allegation that he suffered a

21   physical invasion of his property, i.e., trespass, does not establish that a regulatory taking

22   occurred, but even if it did, plaintiff has not shown that he is entitled to any relief other than

23   compensation.

24             The Honorable Frank C. Damrell previously determined that plaintiffs' filings

25   failed to set forth any threat of injury that would warrant a temporary restraining order.  The

26   undersigned now finds that plaintiff's motion for preliminary injunction and proposed order to

                                                   27

show cause fail to demonstrate any presently existing actual threat to plaintiff. The order sought by plaintiff has not been narrowly drawn, appears to extend further than necessary to correct the trespass alleged by plaintiff, and does not appear to be the least intrusive means necessary to correct any harm suffered by plaintiff. The undersigned will recommend that plaintiff's request for injunctive relief be denied for failure to meet the legal standards applicable to motions for injunctive relief. In addition, plaintiff's requests for injunctive relief should be denied in light of the court's conclusion that plaintiff's complaint fails to state a cognizable claim against any defendant.

<u>CONCLUSION</u>

For the reasons set forth above, IT IS HEREBY ORDERED that the requests for judicial notice filed by defendant Acero on May 19, 2008 (Doc. No. 18) and defendants Hollows, Scott, Montoya, and Hall on June 30, 2008 (Doc. No. 42) are granted; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 28, 2008 motion for preliminary injunction (Doc. No. 8) be denied;

2. The motion to dismiss filed by defendants Mize, Candee, Brown, Krabbenhoft, and Krause on May 19, 2008 (Doc. No. 12) be granted;

3. The motion to dismiss filed by defendant Acero on May 19, 2008 (Doc. No. 15) be granted;

4. The motion to dismiss filed by defendants County of Sacramento, County of Sacramento Department of Planning, O'Brien, Ryan, Parks, Simpson, Marsh, Scully, Dickinson, and McGinness on May 19, 2008 (Doc. No. 19) be granted;

5. The motion to dismiss filed by defendants Hollows, Scott, Montoya, and Hall on June 30, 2008 (Doc. No. 40) be granted; and

6. Plaintiff's complaint be dismissed without leave to amend and this action be dismissed with prejudice.

28

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\ambler0884.f&r.5mots